IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00879-REB-KLM

LUIS QUEZADA,

    Plaintiff,

v.

TED MINK, in his official capacity as the Sheriff of Jefferson County, Colorado,
JOHN LONGSHORE, in his individual capacity as Director of the ICE Denver Field Office;
JASON CLEMENS, in his individual capacity as Immigration Enforcement Agent in ICE's Denver Field Office;
BRET R. TALBOT, in his individual capacity as Immigration Enforcement Agent in ICE's Denver Field Office;
WAYNE RICHARDSON, in his individual capacity as an employee in ICE's Denver Field Office;
JEFF JENKINS, in his individual capacity as an employee in ICE's Denver Field Office;
EDDIE SANCHEZ, in his individual capacity as an employee in ICE's Denver Field Office; and
SHANNON SANTOS, in his individual capacity as an employee in ICE's Denver Field Office,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff Luis Quezada's Motion for Service of Summons and Complaint on Individual ICE Defendants by United States Marshal** [Docket No. 51; Filed October 1, 2010] (the "Motion").

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED without prejudice in part**. To the extent that Plaintiff seeks an extension of time to serve the federal Defendants, the Motion is **granted**. To the extent that Plaintiff seeks a court order requiring the U.S. Marshal to effect service, the Motion is **denied without prejudice**.

I am not convinced that Plaintiff's two-week effort to effect service has exhausted every feasible means available to Plaintiff to accomplish service on the federal Defendants named in Plaintiff's Second Amended Complaint [Docket No. 46]. While I appreciate the difficulties encountered by Plaintiff, additional efforts must be expended to effect service before the Court will require the U.S. Marshal to do so. *See* Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981) (noting that where plaintiff is not proceeding *in forma pauperis*, it is plaintiff's obligation to "seek service by private means whenever feasible rather than impose the burden on the Marshal's Service"). For example, Plaintiff has identified possible addresses for at least two of the unserved federal Defendants, but has not yet effected service on them. Additional attempts must be made to accomplish service at the identified addresses. In relation to the other unserved federal Defendants, additional attempts to identify their addresses through means other than a public records search conducted by counsel's law firm librarian should be employed. At this time, I find that Plaintiff has not shown that an order requiring the U.S. Marshal to effect service is warranted here. *Id.* (noting that "court orders directing service by marshal should not be issued unless they are *really* necessary" (emphasis added)).

IT IS FURTHER **ORDERED** that the deadline to effect service on the federal Defendants is extended to **October 22, 2010**.

Dated: October 4, 2010